UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARRELL WAYNE COLLINS, Petitioner | CIVIL ACTION NO. 1:17-CV-335-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Darrell Wayne Collins ("Collins") (#14482-064). Collins is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Collins challenges his conviction and sentence imposed in the United States District Court for the Western District of Oklahoma.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. **Background**

Collins was convicted of eight counts relating to possession with intent to distribute cocaine powder or crack cocaine. Collins was sentenced to a total of 30 years of imprisonment. On appeal, his conviction was affirmed, but the sentence was vacated on the grounds that the government had not carried its burden of proving

Collins qualified as a career offender for the purpose of sentencing. United States v. Tyler, 42 Fed.Appx. 186 (10th Cir. 2002).

At resentencing, the district court confirmed Collins was a career offender and sentenced him to the same term it originally imposed. Collins did not appeal. Instead, Collins filed a petition pursuant to 28 U.S.C. § 2255 to vacate his sentence based upon nine alleged instances of ineffective assistance of counsel. See United States v. Collins, 399 F. App'x 344, 345 (10th Cir. 2010). The district court granted in part and denied in part the motion, finding counsel's failure to appeal following the resentencing constituted ineffective assistance. The court then vacated the second sentence and imposed a new sentence, again determining Collins was a career offender. Collins's sentence was reduced to 25 years under 18 U.S.C. § 3553. See id. Collins's sentence was affirmed on appeal. United States v. Collins, 273 Fed.Appx. 761 (10th Cir. 2008).

Collins filed a second petition to vacate his sentence under § 2255, which the district court denied. See Collins, 399 F. App'x 344, 345 (10th Cir. 2010). The appellate court denied Collins's motion for a certificate of appealability. See id.

Collins sought authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015). (No. 16-6135, 10th Cir.). The appellate court found that Johnson was inapplicable because Collins's sentence was enhanced for burglary of a dwelling, not based on the residual clause of United States Sentencing Guideline § 4B1.1. Thus,

the Collins's request was denied. (No. 16-6135, 10th Cir.). Collins then filed a second motion for authorization, which was also denied. (No. 16-6195, 10th Cir.).

Collins then filed the § 2241 motion before this Court.

II.   <u>Law and Analysis</u>

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration. See <u>Reyes–Requena v. U.S.</u>, 243 F.3d 893, 900–01 (5th Cir. 2001); <u>Pack</u>, 218 F.3d at 451. The proper venue for such a challenge is the district in which the prisoner is incarcerated. See <u>Kinder v. Purdy</u>, 222 F.3d 209, 212 (5th Cir. 2000) (citing <u>Pack</u>, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See <u>Cox v. Warden, Federal Detention Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing <u>United States v. Flores</u>, 616 F.2d 840, 842 (5th Cir. 1980)). A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence. See <u>Cox</u>, 911 F.2d at 1113.

Collins seeks to proceed with his challenge under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See <u>Pack</u>, 218 F.3d at 452. The savings clause allows a prisoner to rely on § 2241 if the remedy

available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. See Pack, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under § 2255, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

Collins claims he is entitled to proceed under the savings clause based on Mathis v. United States, 136 S. Ct. 2243 (2016) and United States v. Hinkle, 832 F.3d 569, 574 (5th Cir. 2016). Collins has not shown that Mathis—which was a direct appeal of a sentence—sets forth a new rule of constitutional law that has been made retroactive to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2)

4

because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) (Mathis has not been declared retroactive by the Supreme Court); United States v. Taylor, No. 16-6223, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (Mathis did not announce a new substantive rule); Brandon v. Wilson, No. 3:16-CV-142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (Mathis did not announce a new rule and courts applying it have repeatedly agreed); Blackwell v. United States, Case No. 4:10–cr–00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule.").

In fact, the Supreme Court explicitly stated in Mathis that it was not announcing a new rule, and that its decision was dictated by decades of prior precedent. See Mathis, 136 S. Ct. at 2257; see also Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

In Hinkle, the appellate court applied Mathis on direct appeal, not collateral review. See Hinkle, 832 F.3d at 574-577 (vacating sentence on direct appeal because defendant's prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense under the career offender provision). Thus, it likewise offers Collins no support.

III. Conclusion

Because Collins cannot meet the savings clause, he cannot proceed under § 2241. Therefore, Collins's petition should be DENIED and DISMISSED.

5

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __29th__ day of March, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge